IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 9 2009

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

| | | |
|---|---|---|
| JAMES A. BANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-289-A |
| | § | |
| CITY OF FORT WORTH AND | § | |
| MARY DORE DOHERTY, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND
ORDER

Now pending before the court in the above-captioned action are the following motions: motion to dismiss state law claims against certain individual defendants filed by defendant City of Fort Worth ("City"); motion to dismiss, or in the alternative, for more definite statement, filed by defendants Kristine Nowell, Kelvin Beene, and John Mosqueda; motion to dismiss for failure to properly plead and motion for more definite statement filed by defendants Antonio Abete, Shannon Elder, Rudy Riojas, and Charles Spencer[1]; and motion to dismiss and motion for more definite statement filed by defendants Thomas Guerin, Jerrie Ann Gonzalez,

---

[1] While the motion to dismiss for failure to properly plead arises under Rule 8(a)(2) of the Federal Rules of Civil Procedure, rather than Rule 12(b)(6), the court is satisfied that plaintiff has adequate notice, via the other motions to dismiss, that his complaint fails to state a claim upon which relief may be granted as to any of the Individual Defendants.

Dennis Mitchell, Stefanie Martinez, and Wayne Bobbitt (the above twelve individuals hereinafter referred to collectively as the "Individual Defendants").

Plaintiff, James A. Banks, untimely filed the following two documents, apparently in response to the above-described motions: (1) "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss" and (2) "Memorandum of Law In Opposition to Defendant's Motion to Dismiss." Although bearing the correct style of the case and cause number, neither of the documents filed by plaintiff appears to have any relation to the parties or claims filed in the instant action, and instead reference parties and claims not appearing in this case or in the parties' motions. Accordingly, having considered the motions, plaintiff's response, his complaint, and applicable authorities, the court concludes that the motions to dismiss should be granted.

I.

Plaintiff's Claims and the Motions to Dismiss

Plaintiff instituted this action by a complaint filed on May 22, 2009[2], against City, the Individual Defendants, and Mary Dore Doherty ("Doherty"), whom plaintiff identified in the complaint

---

[2]Plaintiff filed an amended complaint on June 24, 2009.

2

as a "former city employee." Although not a model of clarity, plaintiff alleges broadly that his claims arise under the Due Process Clause, the Fourth Amendment, and he appears to assert state law claims for negligence.

The Individual Defendants maintain that plaintiff's federal claims should be dismissed for failure to state a claim upon which relief can be granted because he has pleaded only conclusory allegations and failed to plead any facts as to any of them, and his state law claims should be dismissed pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(e)(Vernon 2005)("Code").[3] City similarly moves to dismiss plaintiff's state common law claims against the Individual Defendants based on § 101.106.

II.

Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley

---

[2]The motion filed by defendants Antonio Abete, Shannon Elder, Rudy Riojas, and Charles Spencer, for failure to plead in violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure, does not differentiate between plaintiff's federal and state law claims.

3

v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 550 U.S. at 555 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted));

4

Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III.

### Analysis

A.  Plaintiff's Federal Claims

The Individual Defendants contend that plaintiff has pleaded nothing against them except conclusory allegations devoid of any supporting facts. A careful review of the amended complaint causes the court to agree. The majority of the complaint consists of broad, conclusory allegations devoid of factual support. The court has some difficulty discerning the particular actions upon which the complaint is grounded, except that it involves unnamed individuals, a ladder, and someone viewing plaintiff's back yard. Plaintiff also frequently mentions the word "conspiracy" yet offers no facts sufficient to inform the court of the nature of the conspiracy or identity of the alleged conspirators. Nowhere in the complaint, aside from the caption, does plaintiff mention any of the Individual Defendants or attribute to any of them

specific factual allegations. Although recoginzing that a complaint need not provide detailed factual allegations, plaintiff here offers nothing more than "labels and conclusions" insufficient to state a claim against the Individual Defendants. Accordingly, the court is dismissing plaintiff's federal claims, whatever they may be, against the Individual Defendants.

B.  Plaintiff's State Law Claims

Section 101.106(e) of the Code, a section of the Texas Tort Claims Act, reads as follows:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code § 101.106(e)(Vernon 2005). City moves for dismissal of plaintiff's state law claims against the Individual Defendants pursuant to the above section, as whatever state law claims plaintiff attempts to assert, he apparently does not differentiate between City and its employees.[4] The court agrees, and dismissal of plaintiff's state law claims against the Individual Defendants pursuant to § 101.106(e) is required.

---

[4] As City points out, it is difficult to ascertain the exact contours of plaintiff's state law claims, although they appear to be ones for, or grounded in, negligence. Regardless of the nature of plaintiff's tort claims, City is correct that § 101.106's election of remedies scheme applies to all common law tort theories alleged against a governmental entity and its employees. See Mission Consol. Indep. Sch. Dis. v. Garcia, 253 S.W.3d 653, 656 (Tex. 2008).

C.   <u>Plaintiff's Claims Against Defendant Doherty.</u>

Doherty, appearing <u>pro se</u>, filed an answer in this action on July 24, 2009, but did not file a motion to dismiss. It appears to the court that the complaint suffers from the same absence of factual allegations concerning Doherty as it did with respect to the Individual Defendants. Accordingly, the court is inclined to <u>sua sponte</u> dismiss plaintiff's entire complaint as to Doherty, but will afford plaintiff an opportunity to respond prior to such dismissal. <u>Carroll v. Fort James Corp.</u>, 470 F.3d 1171, 1177 (5th Cir. 2006).

Therefore,

The court ORDERS that:

(1) The motions to dismiss filed by City and the Individual Defendants be, and are hereby, granted, and all other motions filed by the Individual Defendants be, and are hereby, denied as moot.

(2) All claims and causes of action asserted by plaintiff against the Individual Defendants be, and are hereby, dismissed with prejudice.

(3) Plaintiff file by 2:00 p.m. on September 25, 2009, anything he wishes to file to show why the court should not

dismiss all claims and causes of action against Doherty for failure to state a claim upon which relief may be granted.

(4) From this point forward, the style of this case shall read "James A. Banks v. City of Fort Worth, Texas, and Mary Dore Doherty, Defendants."

SIGNED September 9, 2009.

_____
JOHN McBRYDE
United States District Judge